```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION

WAYNE MOORE,

      Plaintiff,

v.                                Case No. 8:20-cv-2203-T-33SPF


CVS PHARMACY, INC,
HOLIDAY CVS L.L.C.,

      Defendants.
_____/
```

**ORDER**

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction.

**Discussion**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiff Wayne Moore initiated this personal injury action in state court on August 21, 2020. (Doc. # 2-2).

1

Thereafter, on September 18, 2020, Defendants CVS Pharmacy, Inc., and Holiday CVS L.L.C. removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

Here, the complaint does not state a specified damages claim. (Doc. # 2-2 at ¶ 1) ("This is an action for damages in excess of Thirty Thousand Dollars[.]"). Instead, in its notice of removal, Defendants relied upon a pre-suit demand letter for $875,000 to establish the amount in controversy. (Doc. # 1 at 2).

Upon review of Defendants' notice of removal, the Court was "unable to determine whether the amount in controversy has been met by Moore's damages claim without engaging in heavy speculation." (Doc. # 4). Specifically, the Court concluded that the pre-suit demand letter only provided sufficient factual support for $54,653.48 in past medical expenses, which falls well below the jurisdictional threshold. (Id.). The Court then gave Defendants an opportunity to provide additional information to establish the amount in controversy. (Id.).

Defendants have now responded to the Court's Order in an attempt to establish this Court's diversity jurisdiction. (Doc. # 5). But Defendants still fail to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. In its response, Defendants reiterate their opinion that the pre-suit demand letter for $875,000 establishes that the amount in controversy exceeds $75,000. (Doc. # 5 at 2). Defendants also add that, in his demand letter, Moore "claimed that the damages were so severe [that] there is a likelihood of a judgment in excess of policy limits." (Id.).

However, the only concrete damages here remain the $54,653.48 in past medical expenses, which, as noted, falls

3

below the jurisdictional threshold. (Doc. # 5 at 2). First, although Defendants attempt to use the demand letter as evidence of the amount in controversy, demand letters do not automatically establish the amount in controversy. See <u>Lamb v. State Farm Fire Mut. Auto. Ins. Co.</u>, No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (stating that demand letters and settlement offers "do not automatically establish the amount in controversy for purposes of diversity jurisdiction"); <u>Piazza v. Ambassador II JV, L.P.</u>, No. 8:10-cv-1582-T-23EAJ, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010)(same).

And, Moore's policy limits are no more illuminating, as "[i]n determining the amount in controversy in the insurance context, . . . it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy." <u>Martins v. Empire Indem. Ins. Co.</u>, No. 08-60004-CIV, 2008 WL 783762, at *2 (S.D. Fla. Mar. 21, 2008) (quotation omitted); <u>see also</u> <u>Amerisure Ins. Co. v. Island Crowne Developers, L.C.</u>, No. 6:10-cv-221-Orl-28DAB, 2010 WL 11626694, at *2 (M.D. Fla. Apr. 28, 2010) ("[A] showing that the policy amount exceeds $75,000 does not in and of itself establish that the amount in controversy requirement has been

met because the value of the underlying claim may be for less than the policy limits[.]").

Therefore, Defendants have failed to persuade the Court that the amount in controversy exceeds $75,000. The only concrete damages in this case fall below $55,000 and no information has been provided about other categories of damages. Thus, Defendants have not carried their burden of establishing this Court's diversity jurisdiction. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to **REMAND** this case to state court because the Court lacks subject matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>28th</u> day of September, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

5